# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BOYCE LAMARR BLANCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1383 MLM |
| | ) | |
| JASON C. CHAMBERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Named as defendants are: Jason Chambers (police officer); Steven Schwerb (police officer); Nick Yung; Randy Breitenfeld; and Charles Bobinette.

In a purely conclusory fashion, plaintiff asserts that defendants Chambers and Schweb arrested him without a warrant and/or probable cause, planted drugs in his vehicle and forged his signature to a "consent to search document." Plaintiff has not indicated whether he is subject to an ongoing criminal case regarding these allegations, nor has he indicated in what capacity he is suing defendants.

Plaintiff claims that defendant Yung "dismissed [him] from duty before [he] was proven guilty of anything" and "in the past fired [him] wrongfully." Plaintiff has failed to identify whether defendant Yung is a state actor and/or in what capacity he is suing defendant Yung.[1]

Plaintiff asserts that defendant Bobinette (who appears to be plaintiff's private lawyer), aided in "deceiving" him in both cases by "not recognizing the work rules and

---

[1] Plaintiff has additionally failed to identify where he worked and whether it was for a private or public entity. Plaintiff has also failed to articulate, in a non-conclusory fashion, how and why he believes his termination to be a violation of a federal statutory right and/or constitutional right.

not restoring [his] backpay." Additionally, plaintiff asserts that defendant Bobinette acted wrongfully in failing to file a timely appeal and destroying documents from his pre-termination hearing.

Lastly, plaintiff claims that defendant Breintenfeld "is on Audio admitting to being the source that called the police." Just as with defendant Yung, plaintiff has failed to identify whether defendant Breitenfeld is a state actor and/or in what capacity he is suing him.

## Discussion

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981). Plaintiff has not identified whether defendants Yung, Bobinette and Breitenfeld are state actors, and he has not alleged, in a non-conclusory manner, how these individuals allegedly deprived him of a federal statutory or constitutional right. Accordingly, plaintiff has failed to state a claim for relief against defendants Yung, Bobinette and Breitenfeld.

Plaintiff's allegations against defendants Chambers and Schwerb are also subject to dismissal. The complaint is silent as to whether defendants Chambers and Schwerb are being sued in their official or individual capacities. Where a "complaint is silent

about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.[2] To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted, with respect to defendants Chambers and Schwerb.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[2]Plaintiff has failed to identify defendants' employer, stating merely that Chambers and Schwerb are police officers.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of August, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE